## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BANNER LIFE  INSURANCE         :
COMPANY,         :
        :
        Plaintiff,         :
        :
        v.         :     Civil Action No. 1:12-CV- 00047 - RGA
        :
U.S. BANK, NA, AS SECURITIES         :
INTERMEDIARY, and THE BANCORP     :
BANK,         :
        :
        Defendant.         :

---

### MEMORANDUM OPINION

Joseph C. Schoell, Esq., Drinker Biddle & Reath LLP, Wilmington, DE,  Timothy J. O'Driscoll, Esq., Drinker Biddle & Reath LLP, Philadelphia, PA, Attorneys for the Plaintiff.

Philip A. Rovner, Esq., Potter Anderson & Corroon, LLP, Wilmington, DE, John G. Hutchinson, Esq., Sidley Austin, LLP, New York, NY,  Attorneys for Defendant, U.S. Bank N.A.

David L. Braverman, Esq., Richard S. Julie, Esq., Benjamin Garber, Esq., Braverman Kaskey PC, Philadelphia, PA, Attorneys for Defendant, The Bancorp Bank

March___ ㉛___ , 2013

ANDREWS, U.S. DISTRICT JUDGE:

Before the court is U.S. Bank's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (D.I. 35). Additionally, Banner has moved to dismiss Bancorp's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 37).

Banner issued an insurance policy on the life of Robert Daniels. The owner of the policy was Mr. Daniel's law firm, Braverman Daniels Kaskey, Ltd. (D.I. 1, ¶ 7). Pursuant to a "Collateral Security Agreement," the law firm assigned the policy to Bancorp as collateral for a loan. (*Id.* at ¶ 8-10). Banner was aware of the assignment. (*Id.* at ¶ 10). Braverman Daniels transferred the policy to the Daniels Trust in June 2006. (*Id.* at ¶¶ 11-16). The Trust subsequently sold the policy representing falsely that the policy was free of any liens. *In re Ritchie Risk-Linked Strategies Trading (Ireland), LTD.*, 471 B.R. 331, 335 (Bankr. S.D.N.Y. 2012). Eventually, Ritchie Risk acquired the policy and declared bankruptcy. *Id.* at 335. Nutmeg obtained ownership of the policy from an asset sale as part of the bankruptcy proceedings. The sales was free and clear of any liens. *Id.* at 335-36. U.S. Bank then held the policy as securities intermediary for Nutmeg. *Id.* at 333-34. Upon Mr. Daniel's death in 2011 both U.S. Bank and Bancorp submitted a death benefit claim to the policy. (D.I. 1 ¶¶ 19-24). Pursuant to 28 U.S.C. § 1335, Banner filed this complaint for interpleader. (D.I. 1). On August 13, 2012, the Court approved a stipulated agreement between Bancorp and U.S. Bank relinquishing the proceeds at issue to U.S. Bank. (D.I. 29).

The Court's jurisdiction in this case arises from 28 U.S.C. § 1335, which requires minimal diversity between at least two adverse claimants for an amount in controversy equal or

2

greater than $500. At the time the complaint was filed, these requirements were alleged.

## U.S. Bank's Motion to Dismiss Complaint

As the funds in dispute have been disbursed to U.S. Bank under an agreement reached with Bancorp, there is no longer a controversy involving two or more adverse parties. The purpose of this lawsuit was to make sure that if Banner paid one of the claimants the proceeds of the insurance policy, it would not later be subject to litigation that it should have paid the other. Banner has accomplished that goal. Therefore, its complaint will be dismissed.

Banner's opposition to U.S. Bank's motion to dismiss the complaint asserts that not all relief has been granted in this case, as it seeks a release of any future liability and attorney fees. (D.I. 43, p. 3). U.S. Bank has offered a release of liability. (D.I. 46, p. 5). Bancorp has been barred by order of the Bankruptcy Court of the Southern District of New York from asserting any claims against the policy at issue. *In re Ritchie* at 341. As the funds in dispute have been assigned to U.S. Bank with Bancorp's stipulation, Banner's desire for a further release from U.S. Bank will not preclude dismissal.

The awarding of attorney fees in an interpleader complaint is "committed to the sound discretion of the trial court." *Mutual of Omaha Ins. Co. v. Dolby,* 531 F.Supp. 511, 516 (E.D. Pa. 1982). Insurance companies regularly encounter disputes between multiple claimants to a policy's benefits. Making a determination as to which claim prevails is the ordinary business of insurance companies. *Id.* at 517. Awarding attorney fees to insurance companies would shift their ordinary business expenses to the claimants, which is not generally appropriate. *Id.* at 517. *See Fidelity Bank v. Com. Marine and General Assur. Co.,* 592 F. Supp. 513, 526 (E.D. Pa. 1984). Banner is in the business of determining which claims to a policy's benefits are valid and

3

therefore there does not appear to be any basis to award attorney fees.[1]

For the reasons set forth above, the court will grant U.S. Bank's motion to dismiss Banner's interpleader complaint.

### Banner's Motion to Dismiss Bancorp's Counterclaims

Bancorp filed five counterclaims against Banner for breach of contract (Count I), negligence (Count II), breach of fiduciary duty (Count III), fraud by omission (Count IV) and tortious interference with contract (Count V). (D.I. 34). Counterclaim Count I is based on the contention that the "Collateral Security Agreement" and the insurance policy are contracts between Banner and Bancorp. (D.I. 34, ¶ 51). Plaintiff contends that Banner is not a party to any contract with Bancorp as the "Collateral Security Agreement" was merely an acknowledgment of receipt provided for recording purposes. (D.I. 38, p. 11). The remaining counterclaims assert that Banner owed a duty to Bancorp to notify subsequent purchasers of the policy of Bancorp's lien, to object to the sale of the policy, and to notify Bancorp of the policy's impending sale in the bankruptcy proceedings. (D.I. 34, pp. 15-16). Bancorp alleges that Banner's breach of this duty was the proximate cause of the interest in the policy created by the "Collateral Security Agreement" being extinguished and resulting damages to Bancorp in excess of $500,000.

The issue pertaining to Bancorp's breach of contract counterclaim is whether the counterclaim should be dismissed for a failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) requires that a complaint contain, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A cause of action for

---

[1]Banner has not filed any motion for attorney's fees. The Court will grant Banner two weeks within which to file a properly supported motion for attorney's fees. Failure to do so will be construed as a waiver of the request, which, as noted, does not appear to have much of a basis.

4

breach of contract must be established by pleading (1) the existence of a contract, including its

essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages."

*Corestates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa.Super. 1999). An essential element to

the formation of a contract is consideration. *Weaverton Transp. Leasing v. Moran,* 834 A.2d

1169, 1172 (Pa. Super. 2003). "Consideration consists of a benefit to the promisor or a detriment

to the promisee." *Id.* There was no consideration bargained for by Banner in signing the

"Collateral Security Agreement" or the insurance policy. Therefore there is no allegation that

there is a contract between Banner and Bancorp. Nor is there any other contract theory alleged as

to why Banner owed any duty to Bancorp. For the above stated reason, Banner's motion to

dismiss Bancorp's Counterclaim I is granted.

In pleading a cause of action for negligence Bancorp must establish that Banner owed a

duty to Bancorp, that duty was breached, and the breach was the proximate cause of resulting

damages. *Reilly v. Tiergarten Inc.*, 633 A.2d 208, 210 (Pa. Super. 1993). As an assignee,

Bancorp is only entitled to the duties due the assignor. *See Smith v. Cumberland Group, Ltd.*, 687

A.2d 1167, 1172 (Pa.Super. 1997). The policy at issue does not impose upon Banner any duty to

provide notice of an impending sale, a duty to notify potential buyers of possible liens nor a duty

to object to a sale of the policy. (D.I. 1, Ex. A). Further, the policy states that, "We will not be

responsible for the validity of an assignment." (D.I. 1, Ex. A at 4). The "Collateral Security

Agreement" also states that Banner "assumes no responsibility for its validity." (D.I. 1, Ex. A).

Banner had no duty to Bancorp to provide notice of the policy's sale or to notify subsequent

buyers of the policy of Bancorp's assignment. An insurer owes no duty of care as policy related

claims must be based on a contract between the parties, not tort law. *Greater N.Y. Mut. Ins. Co.*

*v. North River Ins. Co.,* 872 F. Supp. 1403, 1409 (E.D. Pa. 1995). Bancorp as an assignee of

Braverman Daniels Kaskey, LTD cannot bring a negligence action against Banner. Therefore

Banner's motion to dismiss Bancorp's Counterclaim II is granted.

Bancorp's counterclaim for breach of fiduciary duty likewise fails to state a claim.

Establishing a cause of action for breach of fiduciary duty requires,

> (1) the existence of a confidential relationship; (2) the defendant's failure to act in good faith and solely for the benefit of the plaintiff with respect to matters within the scope of the confidential or fiduciary relationship; and (3) an injury to the plaintiff proximately caused by the defendant's failure to act.

*Baker v. Family Credit Counseling Corp.,* 440 F. Supp. 2d 392, 414 (E.D. Pa. 2006). "The

essence of such a relationship is trust and reliance on one side, and a corresponding opportunity

to abuse that trust for personal gain on the other." *In re Estate of Scott,* 316 A.2d 883, 885 (Pa.

Supreme 1974). There is no claim of such personal gain by Banner nor any other basis for a

confidential relationship to have existed. A breach of fiduciary duty claim is not allowed against

an insurer under Pennsylvania law. *Greater N.Y. Mut. Ins. Co. v. North River Ins. Co.,* 872 F.

Supp. 1403, 1409 (E.D. Pa. 1995). Banner's motion to dismiss Counterclaim III is granted.

Bancorp contends that Banner's omitting to notify it of the pending sale of the insurance

policy is a sufficient basis for stating a claim of fraud by omission. (D.I. 34, p.18). Banner had

no duty to notify Bancorp and absent any duty an omission of notification is not sufficient for a

claim of fraud. *See Wilson v. Donegal Mut. Ins. Co.,* 598 A.2d 1310, 1316-17, (Pa.Super.1991).

There is no allegation of Banner's fraudulent intent. Banner's motion to dismiss Counterclaim IV

is granted.

Counterclaim V is for tortious interference with contract. Pursuant to *Hillis Adjustment*

*Agency, Inc. v. Graham Co.* 911 A.2d 1008, 1012 (Pa.Super. 2006):

> "The elements of tortious interference with contractual relations are: (1) the existence of a contractual relationship between the plaintiff and a third party, (2) purposeful action on the part of the defendant intended to harm the relationship, (3) the absence of privilege or justification on the part of the defendant, and (4) actual damages resulting from the defendant's conduct."

Bancorp alleges that Banner tortiously interfered with a contract between Bancorp and Braverman Daniels Kaskey, to wit, the "Collateral Security Agreement." Bancorp fails to allege, however, that Banner acted intentionally or purposefully to harm Bancorp's contractual relationship with Braverman Daniels Kaskey. There is no plausable allegation that supports why Banner would care about the Bancorp - Braverman Daniels Kaskey relationship. For these reasons, the court will grant Banner's motion to dismiss Bancorp's Counterclaim V.

Bancorp has not alleged proximate cause of damages for any of the five counterclaims. Bancorp argues that had Banner notified Bancorp of the pending sale of the policy, the lien could have been protected. (D.I. 34, pp. 12-13). An assignment of a life insurance policy is an equitable lien pursuant to Pennsylvania law. *In re Tyson,* 117 B.R. 181, 186 (Bankr. W.D. Pa. 1990). As an equitable lien, the assignment would be subordinate to the bankruptcy court's subsequent judicial lien. *Id.* Therefore, notice of the sale would not have allowed Bancorp the opportunity to protect its interest. Bancorp has not alleged that having notice of the impending sale would have resulted in the equitable lien being preserved by the Bankruptcy Court (which ordered selling the policy free and clear of liens). *See In re Ritchie Risk-Linked Strategies Trading (Ireland), LTD.*, 471 B.R. at 335-36 (assets sold free and clear of any liens.)

An appropriate order will be entered.

7